United States Court of Appeals,

Fifth Circuit.

No. 94-41097.

ASBESTOS INFORMATION ASSOCIATION/NORTH AMERICA, Petitioner,

v.

Robert B. REICH, Secretary of Labor, Respondent.

July 24, 1997.

On Petition for Review of a Final Rule Promulgated by the Occupational Safety and Health Administration.

Before WIENER and PARKER, Circuit Judges, and LITTLE, District Judge.[*]

ROBERT M. PARKER, Circuit Judge:

Petitioner Asbestos Information Association/North America ("AIA/NA") petitioned this court for review of a final rule promulgated by the Occupational Safety and Health Administration ("OSHA" or "the Agency"). We grant review and vacate the Agency's shipyard and construction standards insofar as they regulate asphalt roof coatings and sealants which contain asbestos.

FACTS AND PROCEEDINGS BELOW

a. Background of litigation and regulation

In 1986, OSHA issued a rule regulating occupational exposure to asbestos. The D.C. Circuit upheld part of the rule and remanded other parts to OSHA for further action. *Building & Const. Trades Dept., AFL-CIO v. Brock,* 838 F.2d 1258 (D.C.Cir.1988). In 1994, pursuant to the remand and after notice-and-comment, OSHA published

---

[*]District Judge of the Western District of Louisiana, sitting by designation.

1

a final rule. 59 Fed.Reg. 40964 (August 10, 1994). After additional challenges, OSHA made modifications to the final rule. 60 Fed.Reg. 50411 (Sept. 29, 1995).

Once again, challenges were filed. This case presents the last petition that remains unsettled: AIA/NA's challenge to the 1994 Rule.

b. Facts relevant to AIA/NA's claims.

AIA/NA represents asbestos miners and manufacturers of asbestos-containing products. Among the few remaining asbestos products manufactured in the United States are roofing sealants and coatings which are asphalt mixtures containing asbestos fibers. During the manufacturing process solid asphalt is liquefied by dissolving it in paint thinner, resulting in a thin black syrup. Enough chrysotile or powdered asbestos is mixed into the syrup to make a stiff paste that can be used, for example, to seal the crack around a chimney. When the solvent evaporates, the asphalt becomes a tough leather-like film that shuts out water. Roof coatings are manufactured in the same way, except that they have a thinner consistency so that they can be applied with a brush. AIA/NA takes the position that the manufacturing process encapsulates the fibers in asphalt so that the asbestos cannot become airborne and workers cannot inhale or swallow the fibers inadvertently. There is no evidence in the record that these products have ever been found to cause any worker exposure to asbestos. AIA/NA therefore objects to OSHA's regulations requiring warning labels on the products,[1]

---

[1] 29 C.F.R. § 1926.1101(k)(8)(iii) & (vi)(A) (1995).

2

notification to building owners when the products are installed,[2] and work practice requirements that increase the cost of removal.[3]

## STANDING

The party seeking to invoke federal jurisdiction has the burden of establishing standing. *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 561, 112 S.Ct. 2130, 2136-37, 119 L.Ed.2d 351 (1992). The Secretary challenges AIA/NA's standing alleging (1) AIA/NA can establish no injury in fact—that is, the challenged regulations do not impose compliance duties on AIA members or induce users to shy away from asbestos containing products; and (2) the interest AIA/NA asserts is not within the "zone of interest" the OSH Act seeks to protect.

The Secretary's first contention is meritless. AIA/NA challenges the regulation imposing hazard communication requirements directly on AIA/NA members. Further, AIA/NA relies on OSHA's own economic analysis which recognized that even when asbestos-based products are cheaper than non-asbestos based products, demand is shifting away from asbestos-based products due to market response to liability and regulatory concerns. 59 Fed.Reg. 40964, 41051, col. 1 (1994). That is sufficient to sustain AIA's burden of establishing that the challenged regulations impair product marketability. We find that AIA/NA has met its burden of establishing that it has sustained an injury in fact.

---

[2] 29 C.F.R. § 1926.1101(g)(11)(v) (1995).

[3] 29 C.F.R. § 1926.1101(g)(8)(ii) & (g)(11) (1995).

We must next determine whether the interest sought to be protected by the complainant is "within the zone of interests to be protected or regulated by the statute[.]" *Ass'n of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 829, 25 L.Ed.2d 184 (1970). There is a presumption in favor of judicial review of agency action, *Block v. Community Nutrition Institute,* 467 U.S. 340, 348, 104 S.Ct. 2450, 2455, 81 L.Ed.2d 270 (1984), but at bottom the reviewability question turns on congressional intent. *Clarke v. Securities Industry Ass'n,* 479 U.S. 388, 107 S.Ct. 750, 93 L.Ed.2d 757 (1987). The OSH Act provides for judicial review by "any person who may be adversely affected by a standard." 29 U.S.C. § 655(f) (1996). Under the plain language of § 655(f), AIA/NA has standing as a "person who may be adversely affected."

SUBSTANTIAL EVIDENCE TO SUPPORT THE CHALLENGED REGULATIONS

The burden is on OSHA to show, on the basis of substantial evidence, the need for the challenged regulation. *Industrial Union Dept., AFL-CIO v. American Petroleum Institute,* 448 U.S. 607, 653, 100 S.Ct. 2844, 2869-70, 65 L.Ed.2d 1010 (1980). AIA/NA contends that OSHA's regulations regarding work practice, training, and hazard communication requirements on roofing sealants that contain asbestos are not supported by substantial evidence. AIA/NA states, and our record review confirms, that there is *no* evidence in the record that asbestos fibers can ever escape from roofing sealants and become airborne; in fact, the evidence in the record indicates that they cannot. Neither the Secretary nor the AFL-CIO,

4

intervenor on behalf of the Secretary, seriously disputes this assertion. Rather, they argue that it is neither practical nor scientifically possible to distinguish roofing sealants from built up roofing for purposes of asbestos regulations. Because asbestos creates significant risk at minuscule levels of exposure and because there is evidence that *other* kinds of roofing materials break down due to weathering and agressive handling, releasing asbestos, the Secretary contends that OSHA can "rationally conclude" that sealants will present similar problems. Specifically, evidence in the record supports the finding that built up roofing, consisting of layers of asbestos felts coated with asphalt, can break down and result in asbestos exposure. In *Color Pigments Mfrs. Ass'n, Inc. v. OSHA,* 16 F.3d 1157 (11th Cir.1994), the Eleventh Circuit held that OSHA acted rationally in subjecting low solubility cadmium compounds to the same standard as compounds of higher solubility when no definitive study confirmed or refuted the hypothesis that all cadmium compounds are equally toxic. The Secretary argues that, similarly, OSHA could rationally conclude that roofing sealants in question here might break down and result in exposure. Evidence in the rulemaking record refutes this position. The potential for fiber release from sealants is not analogous to the potential for fiber release from asphalt coated asbestos felting and similar built-up roofing products. It is clear that built up roofing poses real risks of exposure that are not present in roofing sealants. Further, OSHA recognized this difference when it developed separate requirements specifically

5

governing roofing sealants.

The Secretary argues that it has discretion to address asbestos risk through a comprehensive standard, acknowledging its obligation to defend individual provisions as "reasonably related" to the purpose of the standard as a whole, citing *Forging Indus. Ass'n v. Secretary of Labor,* 773 F.2d 1436, 1447 (4th Cir.1985). Nothing in this opinion in intended to inhibit such discretion, should any future rulemaking produce substantial evidence to support a finding that roofing sealants pose a risk of asbestos exposure.

## CONCLUSION

We hold that, because of the lack of substantial evidence in the record, the challenged regulations are invalid as to asbestos-containing asphalt roof coatings and sealants.

Petition for Review GRANTED;  Agency's standards VACATED.